
FILED
MAR 20 2009

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| HUMBERTO CHAVEZ-RIVAS, | \* | CIV. 09-4012 |
| | \* | CR. 07-40084 |
| Petitioner, | \* | |
| | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER DENYING RELIEF |
| | \* | |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Humberto Chavez-Rivas, filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255. Doc. 1. Since the motion and the files and records of this case conclusively show that Petitioner is entitled to no relief, the Petition will be dismissed.

Petitioner was charged by an Indictment with Illegal Reentry After Deportation in violation of 8 U.S.C. 1326(a). Petitioner then filed a Petition to Plead Guilty and was later sentenced to seventy-six months of imprisonment.

In his § 2255 petition Petitioner states as his grounds for relief that his counsel was ineffective for failing to object to an underlying conviction being an aggravated felony, failing to object to the "illegal sentencing enhancement," and failing to request a downward departure. Petitioner also contends his Due Process Rights were violated by being sentenced "in excess to the statutory maximum."

The Supreme Court set forth the following standard by which claims for ineffective assistance of trial counsel are to be evaluated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when the defendant shows that counsel's representation fell below the "'range of competence demanded of attorneys in criminal cases.'" *Id.* at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner was convicted in California State Court in 2002 for Possession of Controlled Substance for Sale. A California conviction for unlawful possession of a controlled substance for sale is an "aggravated felony. *Santos-Melitante v. Gonzales*, 161 Fed.Appx. 634 (9th Cir. ,2005)(not selected for publication). The maximum penalty for the reentry of a removed alien whose removal was subsequent to a conviction for the commission of an aggravated felony is 20 years. 8 U.S.C. § 1326(b)(2).[1] Petitioner's enhanced sentence which resulted from a determination that he had an aggravated felony did not violate Due Process and did not result from ineffective assistance of counsel.

Petitioner contends that counsel failed to investigate Petitioner's background and research the law and was thus ineffective in failing to request a downward departure. Petitioner does not specify what legal basis existed for any departure or variance. Further, Petitioner does not specify what in his background would justify a downward departure or variance and the presentence report clearly demonstrates that Petitioner was not a candidate for either a downward departure or variance. Petitioner's claim of ineffective assistance of counsel for failure to request a downward departure or variance is without merit. Accordingly,

IT IS ORDERED:

(1) That Petitioner's Request to Proceed in Forma Pauperis is denied in that a filing fee is not required in this action;

(2) That Petitioner's Request for a copy of his entire file to assist him in submitting a brief

---

[1] The maximum penalty for the reentry of a removed alien "whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)" is 10 years.

is denied because the motion and the files and records of this case conclusively show that Petitioner is entitled to no relief and submission of a brief is not necessary;

(3) That Petitioner's Motion to Vacate, Correct or Set Aside Sentence is denied; and

(4) That since Petitioner has not made a substantial showing of the denial of a constitutional right, this Court will not issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253.

Dated this 20th day of March, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:
(SEAL)   DEPUTY